FARMERS' BANK OF KENTUCKY *v.* E. N. McCORMACK, ET AL.

**Bond for Costs.**

> Where the law requires plaintiff to give bond for costs, but he fails to do so and no motion is made to require him to do so, and judgment is taken by default against one defendant and against another for a part of his debt, it is too late to move to dismiss the cause on account· of the failure to give bond; but the defendant who is still contesting a part of his debt may have the cause dismissed as to such debt. No bond for costs can be required after judgment.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

November 6, 1877.

OPINION BY JUDGE ELLIOTT:

The Farmers' Bank sued the McCormacks and Howard on a promissory note and took judgment against the two McCormacks, and also against Howard, for a part of its debt.

Howard filed an answer by which he contested a part of appellant's debt, and while this litigation was pending he made a motion to dismiss the appellant's suit because of its failure at the commencement of its action to execute a bond for costs as required by the statute, which motion was sustained by the court and the appellant's

suit dismissed, and appellant on this appeal insists that the motion came too late.

The motion did not and could not have applied to the judgments already rendered, for as to them the appellee, Howard, had waived his rights to have a dismissal, by his failure to make the motion before the judgments were rendered; but as to that part of the demand contested by Howard he had not waived his right to a bond by his failure to make the motion before filing his answer. The statute is imperative that a bond must be executed in a case like this before suit is brought, and we see no reason why the appellee should not be entitled to the benefit of the statute, as to the contested part of appellant's demand, although he may have seen proper to waive it as to the uncontested part.

We are of opinion that the right in Howard's favor to make the motion had not been waived, nor is this view in conflict with the opinion of this court published in *Shelley v. The Newport Saving Ass'n*, 11 Bush 305, for the motion in that case was made after final judgment in the entire action had been rendered against the defendant, and there was no case in court for him to move to dismiss; and the court decided that after final judgment it was too late to insist on a bond for cost because the litigation had shown that no bond was necessary for the defendant's protection, as the cost had been adjudged against him.

Wherefore the judgment is *affirmed*.

*Apperson & Reid, for appellant.    J. J. Cornelison, for appellees.*